HORACE LELAND, administrator, *vs.* SULLIVAN NEWTON, admin-
istrator.

A surviving partner, who is administrator of the estate of his deceased partner, may be
called upon to account in the probate court for his settlement of the partnership estate.

APPEAL by Newton from a decree of the probate court disal-
lowing his account as administrator of the estate of William
Brown, deceased, rendered on the citation of Leland, adminis-
trator of the estate of one of the heirs and next of kin of Brown.

Newton and Brown were partners at the time of the decease
of the latter. By the inventory of Brown's estate, it appeared
that he died possessed of a small amount of separate real estate,
but of no separate personal estate, and that there was partner-
ship property, both real and personal, belonging to Newton and
Brown, at the time of his decease.

Newton's account showed no debits, and " he contended that
no assets had come to his hands as administrator; that the per-
sonal assets of the partnership were more than exhausted in the
payment of the partnership debts; that he had a lien upon the
real estate of the partnership for money advanced by him as
surviving partner in payment of the indebtedness of the part-
nership; that he had settled the partnership affairs as surviv
ing partner, and not as administrator, and was not liable to

Hatch *v.* Proctor.

account for his proceedings in this respect in the probate court; and that his statement of the settlement of the partnership affairs and the balance due him must be taken as correct and conclusive. Leland contended that Newton should account in the probate court, as administrator, for the assets belonging to his intestate which he received from the partnership estate, and that he (Leland) had a right to inquire into the settlement of the partnership affairs with a view to ascertain the correctness of Newton's statement thereof; and the judge so ruled," and disallowed the account.

The case was reserved on a statement, substantially as above, for the determination of the full court.

*P. E. Aldrich*, for the appellee, was stopped by the court.

*C. A. Holbrook*, for the appellant.

CHAPMAN, C. J. The principles to be applied to this case are plain. When one of two copartners dies, the survivor should settle the estate, and account to the personal representative of the deceased. *Washburn* v. *Goodman*, 17 Pick. 519. But if the survivor himself becomes the personal representative of the deceased, he becomes bound, as executor or administrator, to render an account of his proceedings to the judge of probate. That account necessarily involves the settlement of the partnership affairs. There is no need of any other legal process, because all persons interested in the estate have an opportunity to be heard in respect to the settlement. *Forward* v. *Forward*, 6 Allen, 494. He has no right to have his account allowed without such hearing. *Decree affirmed.*