## IN RE ESTATE OF AKANA, deceased.

PROBATE APPEAL FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED APRIL 6, 1898.                DECIDED MAY 9, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

Gross neglect of the duties required of an administrator may subject
   him to loss of statutory commissions.

Where an administrator, in good faith under the sanction of the court,
   and with the consent of the parties interested, purchases goods
   which are used to keep up the stock in trade of his decedent's
   business and is held personally liable to the vendor therefor, justice
   requires that he be reimbursed from the estate.

### OPINION OF THE COURT BY JUDD, C.J.

A Chinaman, Akana by name, owner of three retail stores in
Kona, Hawaii, died intestate in July, 1895. Upon the admission
of his will to probate in the First Circuit, his brother, named
Akina, and one Akona were appointed by the court administra-
tors with the will annexed. Akina was nominated in the will as
executor. By the written consent of the principal creditors, who
were wholesale merchants in Honolulu, they were allowed to
act as said administrators without bonds.

By reference to a petition by one of the creditors for the re-
moval of the administrators filed in July, 1896, and the clerk's
minutes which apparently show that the Court sanctioned the
following arrangement, it appears that the Honolulu creditors
and the said administrators agreed that the administrators should

carry on the business of the estate, the widow also consenting, and the creditors from time to time received payments from the administrators on account of their indebtedness and on account of new goods sent them with which to carry on the business. Comparison of the statement of the amounts owing the creditors at the date of the decedent's death, with the amounts owing at the time of the accounting shows this. Finding that the business was not paying, one creditor took a mortgage from the administrators of the goods in one of the stores and another creditor took an assignment of the goods in all the three stores for the benefit of creditors.

The administrators were removed by the court. A receiver was appointed who wound up the business and finally an administrator was appointed to distribute the assets, the estate being insolvent.

It appears to us that the Chinese administrators were of the belief that they were running the business for the benefit of the creditors as quasi assignees or receivers. They dealt with the creditors alone and were entirely ignorant of and neglected their duties to the court. It does not appear that they had received any instructions as to what their duty was in this fiduciary capacity. They were finally discharged as administrators for maladministration.

The receiver's account was heard and approved by the court in the following decision, dated the 9th of December, 1896.

"The receiver's account filed herein is approved and the Receiver is allowed the sum of $425 as compensation, and the sum of $50 for attorney fees and is discharged as such receiver and his bond cancelled."

In re administrator's account. Where a person takes upon himself a trust or fiduciary position, as that assumed by an administrator, not only the utmost good faith is required, but it is incumbent on the administrator to use diligence and caution in administering the estate, for the benefit of those interested. Assuming that the administrators of this estate were authorized in carrying on the business of the deceased they have been guilty

of gross mis-administration, and no man of ordinary prudence would conduct or manage his own property as these administrators have managed the property that was in their hands in trust. They cannot say whether the business lost or made money, and exhibit ignorance as to the state of the estate when they took possession, the value of the stock, and the amount of the assets and liabilities are uncertain. Each administrator knew nothing of the property or condition of the estate that the other had in his immediate possession. Only part of the vouchers are produced for disbursements, no inventory has ever been filed and no notice to creditors given as required by law.

The commissions of the administrators are disallowed. The law is clear that statutory commissions are provided for the faithful and proper execution of trusts and where an administrator does not comply with the duties devolved upon him by his appointment he is not entitled to commissions.

The list of receipts should include the sum of $400, which it is claimed has been paid out and is a part of the disbursements and included in Schedule B. This leaves a balance of $12.78 due the administrators which is allowed and the administrators are dismissed.

The sum of $17.50 admitted to be due Akina and the sum of $133, admitted to be due Akona are allowed.

I allow a fee in the sum of $75.00 to the master.

It is admitted by Akina that Hyman Bros.' claim has not been paid. If they look to the estate for payment they should file their claim with the administrator to be appointed and take their *pro rata*, as the estate is insolvent, and if they have received anything from Akina on account, the administrator should refund the same to him.

I allow Chin On the sum of $50.00 for preparing the account.

I appoint Mr. W. F. Wilson, administrator with the will annexed to be bound under a bond of $8,000.00 to close the estate, the administrator to file an inventory within 30 days, and to advertise the usual notice to creditors.

I allow the claim of the Deputy Sheriff of Kona of $171.50 for caring for the property."

From this the Chinese administrators appealed.

The appeal is now limited to a few contested items.

(First). From the disallowance by the court of their commissions. We think the court was right in disallowing them. They received wages at $25 per month while managing the business, house rent, and board for themselves, their families and employees. And although the Honolulu creditors are largely responsible for their neglect of their duties as administrators, it does not excuse themselves.

(Second). The court ordered Akona charged with $400. We find the circumstances of this item to be as follows. Akona, one administrator, took a deposit of $600 from one Yong On, used $400 of this money from time to time with which to buy coffee and goods to keep up the stock in the store at Hookena under his management. He sent the coffee to the Honolulu creditors to apply on their accounts against decedent. He carried on the business under the sanction of the court and with the consent of the parties interested. The estate having had the benefit of this money and Yong On, the depositor, properly holding Akona personally responsible for the amount, common justice requires that it should be refunded to him, and we so order.

(Third). The claim of Hyman Bros. for $178.50. Here the administrator Akina bought of the claimants a bill of goods in good faith. They were sent to the decedent's stores to keep up the stock, and Akina received no advantage from them. The claimants held Akina personally responsible, obtained judgment against him and levied execution upon his property. Justice also requires that this be paid in full from the assets of the estate. We also allow an item of $26.00 advanced by Akina for rent of decedent's stores. The accounts are to be corrected in accordance with this decision.

In all other respects the decision and order of the probate court upon the account are affirmed.

*J. A. Magoon* and *R. D. Silliman* for the administrators.

*W. A. Henshall* for the creditors.