IN THE MATTER OF THE ESTATE OF JOSEPH LAZ-
ARUS, DECEASED.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JANUARY 7, 1901.        DECIDED JANUARY 11, 1901.

FREAR, C.J., GALBRAITH AND PERRY, J.J.

Upon the evidence the court affirms a charge against the executor of
a will of a sum of money reported by him in his inventory as being
in his possession and not accounted for in his statement of receipts
and expenditures.

Under the circumstances stated in the opinion, a charge against the
executor of interest for one year at the current rate on the sum
of $4550., and an order that he pay a master's fee of $100. out of
his commissions, sustained.

OPINION OF THE COURT BY PERRY, J.

The executor of the will of the decedent appeals from an
order of a Circuit Judge of the First Circuit sitting as a Court
of Probate, charging him with the sum of $340. as cash on hand
at the time of the institution of the trust and with the sum of
$364. being interest for one year at eight per cent on $4550.
being funds of the estate withdrawn from the bank by the ap-
pellant, and requiring him to pay a master's fee of $100. out of
his commissions.

The facts, in brief, are as follows: the will of the decedent
was, after contest, admitted to probate and the appellant ap-
pointed executor on August 6, 1897. The contest against the
admission of the will to probate continued in various proceedings
until April 15, 1898, when the Supreme Court rendered a de-

cision in the matter overruling contestants' exceptions. On May 11, 1900, the executor filed his accounts, to which certain objections were on the day of hearing made by various parties interested. The accounts were thereupon referred to a master, who, after taking testimony, filed a report, therein, *inter alia,* charging the executor with the sum of $340. above referred to. No exceptions were noted, either by the executor or by any one else, to this report, and the Circuit Judge confirmed this charge of $340. and, of his own motion, further charged the executor with the two other items above mentioned.

Passing by the possible objection that no exceptions were noted by the executor to the master's report and without reference to the rule contended for by the appellees that the finding of a master is entitled to as much weight as the verdict of a jury and that it must be upheld if there is any evidence to support it, we think that the finding of the master and of the Circuit Judge must be sustained on the evidence. The executor filed his sworn inventory on August 12, 1897, six days after his appointment, and in that inventory charged himself with the sum of $340., describing it as "cash in J. S. Walker's hand." The presumption is that he did his duty and promptly after his appointment ascertained what property the deceased left and took possession of the same. The item was not entered by the executor in Schedule A. of his accounts and the explanation offered by him at the hearing before the master was that the entry in the inventory was made upon information furnished by one Eleazar Lazarus, a son of the deceased, to the effect that the sum mentioned was in the safe of the decedent at the time of his death, and that, upon opening the safe, no such sum was found there. The executor further testified that the safe was opened in the presence of said Eleazar, and, perhaps, of the widow. Eleazar died in 1898, and the widow was not called as a witness by the executor. The master reports that on many occasions he requested the executor to exhibit for his examination his original books of accounts but that the executor failed to do so. Upon the evidence, the finding as to the $340. is affirmed.

At the time of the institution of the trust, the sum of $4550., belonging to the estate of the decedent, was on deposit in a bank. On October 20, 1897, the executor withdrew from the bank $550. on a check payable to "cash or bearer," and on the 28th of the same month the further sum of $4000. on a check also in favor of "cash or bearer." On October 8, 1898, the sum of $4261.84 was received by him from sales of certain stocks belonging to the estate, and on the same day he paid a legacy of $1000. Three days later, a legacy of $4000. was paid by him. The item of $4261.84 is entered in Schedule A. under date of October 8, 1898, but that of $4550. is credited in said Schedule not until April 15, 1900. Out of what funds the two legacies were paid, whether from the proceeds of the stock or from the cash originally in bank, does not clearly appear, though the inference is a natural one under the circumstances that these payments were out of the proceeds of the stock. In any event, it is not shown that from October, 1897, until October, 1898, any investment or other use of the $4550. was made on behalf of the estate nor has any explanation been offered by the appellant as to its disposition during that period. The conclusion is a justifiable one that the funds in question were withdrawn from the bank by the appellant for his own personal use as a loan to himself and that he personally obtained the benefit of their use during the time stated. The estate certainly was deprived of the benefit of their use for that period in consequence of the executor's wrongful act. Under these circumstances, interest is properly chargeable against the executor; nor is such charge necessarily limited to the legal rate, which for a portion of the year in question was nine per cent and for the remainder six per cent, the new law on the subject having been approved in March, 1898. The current rate of interest was eight per cent and that is the rate which the executor would have had to pay had he borrowed the money from others or which he received or could have received if he in turn loaned the money to others, and it is also the rate which the estate could have received had the investment been made on its behalf.

The order that the executor pay the master's fee of $100. out of his commissions, which amounted to $744.70, was in effect a disallowance of commissions to that extent. In view of the circumstances of the case, we see no reason for disturbing the order in this respect.

The order appealed from is affirmed.

*G. A. Davis* for the appellant.

*Holmes* and *Stanley* for the appellees.