# IN THE MATTER OF THE ESTATE OF ALINA, Deceased.

## APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED APRIL 1, 1901.               DECIDED APRIL 30, 1901.

### FREAR, C.J., GALBRAITH AND PERRY, JJ.

Where an administrator has not faithfully performed the duties of his trust, his commissions may be disallowed either as a whole or in part, according to the circumstances of the case.

Under the circumstances stated in the opinion, a disallowance of all of the administrator's commissions held unjustifiable; a disallowance of $50. out of the total commissions of $243.40, ordered.

A reasonable master's fee, the payment of which is made necessary by the default of the administrator, may properly be charged

against such administrator as a part of the expenses of the litigation.

Under the circumstances of this case, an allowance of $75. to a master as his fee, held excessive; a fee of $25. allowed.

OPINION OF THE COURT BY PERRY, J.

This is an appeal from a decree of a Circuit Judge of the First Circuit, in Probate, disallowing the commissions of an administrator, amounting to $243.40, and charging him with a master's fee of $75.00. The facts are these:

J. A. Magoon was appointed administrator with the will annexed of the estate of one Alina, deceased, on November 29, 1886, and duly qualified as such administrator on the 7th of December following. On December 19, 1900, no accounts having been in the meantime filed by the administrator, one of the legatees under the will filed a motion in the matter of the estate of the said deceased, in Probate, that the administrator be ordered to file his accounts as such. On the same day the desired accounts were filed, covering the period from the institution of the trust to the date of filing. Thereafter the accounts were referred to a master, who, after examination, presented a report wherein he called attention to the fact that no notice to creditors had ever been published and that no vouchers were filed for any of twelve certain items of cash paid to the legatees and for their education and for minor expenses of the trust, amounting in all to $67.80. In all other respects the accounts were found correct in substance. Subsequently the court signed a decree, ordering, "first, that the said administrator be directed to publish in the newspapers of Honolulu the usual notice to the creditors of the estate herein as required by law; second, that the item of $243.40 credited by the said administrator in his accounts as filed to himself as commissions for the handling of the said etate, and for which he has presented no vouchers, be disallowed and that the said sum of $243.40 be credited to the said estate; third, that the said administrator be charged

with the sum of $75.00 as master's fees." From that decree the administrator appeals to this Court.

On behalf of the appellant, it is contended that our courts of probate have not the power to disallow the commissions of an administrator in cases of mal-administration or of failure to perform the trust. This question has been settled adversely to the appellant. See *In re Estate of Akana*, 11 Haw. 420, 422, where the Court said: "The commissions of the administrators are disallowed. The law is clear that statutory commissions are provided for the faithful and proper execution of trusts and where an administrator does not comply with the duties devolved upon him by his appointment he is not entitled to commissions." See also *In re Estate of Joseph Lazarus*, 13 Haw. 242, where this same rule was recognized. Whether or not commissions should be disallowed, in whole or in part, is a matter to be determined by the court in view of the circumstances of each particular case. A disallowance is ordered not as a penalty but because the services required have not been performed to that extent, and, therefore, the compensation is not due,—in other words, compensation is allowed only for services actually and faithfully rendered.

Under the circumstances of this case, is the disallowance of all of the commissions justifiable? We think not. No objections were made to the accounts or exceptions taken to the master's report by the legatees. It is fair, then, to presume that the accounts contain a correct statement of receipts and expenditures; nor has any suggestion to the contrary been made by counsel for the appellees. The master, although remarking upon the lack of vouchers for the twelve items above referred to, does not find that the payments were not made as shown by the accounts, nor does he recommend their disallowance; nor were they disallowed by the Circuit Judge. The notice to creditors required by law was not published, no accounts were filed other than those now under consideration, and there was considerable unnecessary delay in closing the estate but upon the record, there is no reason to believe that there has

been any failure on the part of the administrator to comply with his duties in any other respect, or that any financial loss has resulted to the legatees. Under all of the circumstances of the case, we think that justice to the legatees and to the administrator requires a disallowance out of the latter's commissions of the sum of fifty dollars and no more.

Simple interest should also be charged against the administrator on the sum of $55.56 from April 1, 1892, at the rate current during the period, the said sum of $55.56 being the corrected balance on hand at that date and not since expended as will appear by the accounts when amended in conformity with this opinion.

A reasonable master's fee, the payment of which is made necessary by the default of the administrator, may properly be charged against the administrator as a part of the expenses of the litigation. See *3 Williams Ex.* p. 2145; *11 A. & E. Encycl. Law,* 2nd ed., pp. 1252, 1254; *Blake v. Pegram,* 109 Mass. 541, 558; *Aldridge v. McClelland,* 36 N. J. Eq. 288, 292; *Barhite's Appeal,* 126 Pa. St. 404, 407, 411. In the case at bar had the accounts been filed promptly and within the customary time, in all probability no reference to a master would have been required. It was the administrator's neglect and delay and the consequent increase in the length of the accounts that rendered the reference necessary. The master's fee, then, whatever it is in amount, should be paid by the administrator. We think, however, that the award of $75.00 made by the Circuit Judge is excessive. A fee of $25.00 is all that in our opinion, the services rendered deserve or justify.

The decree appealed from is reversed and the cause is remanded to the Circuit Judge of the First Circuit for such further proceedings as may be necessary in conformity with the foregoing views.

*Magoon & Thompson* for the administrator.

*W. W. Thayer* for the legatees.