H. HACKFELD & CO., LTD., A CORPORATION, *v.* J. M.
MONSARRAT, MRS. W. C. PARKE, BRUCE CART-
WRIGHT, W. C. ACHI, W. E. ROWELL, TRUSTEE,
M. D. MONSARRAT, E. J. MONSARRAT, WIDOW,
T. F. LANSING, TRUSTEE IN BANKRUPTCY OF
M. D. MONSARRAT, AND THE FIRST NATIONAL
BANK OF HAWAII AT HONOLULU, A CORPORA-
TION.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED MAY 23, 1907.                    DECIDED MAY 24, 1907.

FREAR, C. J., HARTWELL AND WILDER, JJ.

MORTGAGE—*foreclosure—pleading.*

A bill to foreclose a mortgage of all the right, title and interest
of the mortgagor in a certain piece of land alleging the execution
and delivery of the mortgage and describing the interest of the
mortgagor as set forth in the mortgage, which was "all his right,
title and interest in and to those certain premises situate on Union
Street and Adams Lane in said Honolulu, being portions of L. C.
A. 1086 to Mary Dowsett and of L. C. A. 801 to A. Adams and
more particularly described as follows," setting forth the metes
and bounds, and also attaching a copy of the mortgage, is suffi-
cient on demurrer to show the title of plaintiff and of its mort-
gagor, and it is not necessary to allege the amount or equity of
the interest mortgaged.

ID.—*cross bill.*

In such a suit a defendant holding an inferior mortgage of the
right, title and interest of plaintiff's mortgagor cannot by cross
bill have a mortgage from some one else of an undivided one-fifth
interest in the same land foreclosed first or at least at the same
time, the relief sought by the cross bill having nothing to do with
the interest sought to be foreclosed in the original bill.

This is an appeal by defendant, the First National Bank of Hawaii at Honolulu, from a decree of mortgage foreclosure in the above entitled cause. The case was argued in this court on May 23, 1907, and was decided orally from the bench on the following day. The appellant contended that the trial judge erred in overruling its demurrer to plaintiff's amended bill and in sustaining plaintiff's demurrer to its amended cross bill and that the final decree was erroneous in several particulars.

The first question is whether the demurrer to plaintiff's amended bill was properly overruled. The appellant by its demurrer claimed that the amended bill was defective in not showing that plaintiff as mortgagee had any right, title or interest in the land mortgaged and in not alleging that J. M. Monsarrat, the mortgagor, had any right, title or interest in the land mortgaged at the time of the execution of the mortgage and in failing to set out the amount or equity of that interest. The allegation in the amended bill of the execution and delivery of the mortgage (and which was admitted by this defendant after its demurrer was overruled) was sufficient on demurrer to show the title of plaintiff and of its mortgagor. *Shed v. Garfield,* 5 Vt. 39. The mortgage described the interest of the mortgagor as "all his right, title and interest in and to those certain premises situate on Union Street and Adams Lane in said Honolulu, being portions of land commission award 1086 to Mary Dowsett and of land commission award 801 to A. Adams and more particularly described as follows," setting forth the metes and bounds. The amended bill contained the same description as in the mortgage and also attached a copy of the mortgage. There is no doubt that one may mortgage all his right, title and interest in and to a certain piece of land. See *Wilson v. Boyce,* 92 U. S. 325. And, if he has a right to mortgage it, why does not the mortgagee have a right to foreclose that mortgage without regard to the extent of the mortgagor's interest? As was well said in *Hill v. Meeker,* 23 Conn. 591, "If

it appears on foreclosure that plaintiff acquired any estate, which is still subsisting, by virtue of a mortgage deed, he is entitled to a foreclosure of that estate without reference to the quantity of the estate mortgaged." The general rule is that it is sufficient to describe the premises as they appear in the mort-gage if it contains a proper description. In the case at bar the mortgage contained a proper description and this description was specifically set out in the amended bill in addition to which a copy of the mortgage was attached. This was clearly sufficient. See *Whitby v. Rowell,* 23 Pac. (Cal.) 40; *Emeric v. Tams,* 6 Cal. 156; *Williams v. Robinson,* 16 Conn. 522; *Howe v. Turner,* 55 Vt. 315; *Wooden v. Haviland,* 18 Conn. 101; *Crosby v. Dowd,* 61 Cal. 602; Wiltsie Mortgage Foreclosure, Sec. 295; 2 Jones Mortgages, Sec. 1462. But one case contrary, *Chapman v. Hunt,* 14 N. J. E. 149, has been called to our attention. That was a case of a chattel mortgage where the description in the mortgage of part of the property was "all the right, title and interest of * * * in and to the tools, fixtures, etc., now in the United States Malleable Iron Factory at Newark, N. J.," and the bill contained no further description or enumeration of the chattels, the court holding on demurrer that it was insufficient and that the bill should show "of what the property consists, the mortgagor's title or claim of title to it and that it is within the jurisdiction of the court." It may be that in the case of a chattel mortgage the description should be more exact than in the case of a real estate mortgage, but however that may be the chattels themselves were not described at all. So that case would be in point here if the facts in this case were different from what they are, for instance, if the land, the mortgagor's interest in which was mortgaged, was not described at all. The demurrer in the case at bar was properly overruled,

The next contention of appellant was that there was error in sustaining plaintiff's demurrer to its amended cross bill. This amended cross bill showed that this defendant had a mortgage from M. D. Monsarrat (subsequent in date to plaintiff's mortgage) of one undivided fifth interest in the land referred

to in the main suit and other property including by assignment a mortgage from J. M. Monsarrat to M. D. Monsarrat (also subsequent in date to plaintiff's mortgage) of all his right, title and interest in and to the same land, and it was claimed by reason of certain facts alleged that this mortgage from J. M. Monsarrat of his interest was superior to plaintiff's mortgage from him of the same interest. It was sought to foreclose the mortgage from M. D. Monsarrat of his one-fifth interest and the mortgage from J. M. Monsarrat of all his right, title and interest before the foreclosure sale under plaintiff's mortgage. Plaintiff's demurrer to the amended cross bill was sustained in part and overruled in part, the trial judge overruling it as to all matters relating to the mortgage of J. M. Monsarrat to M. D. Monsarrat, in brief the claim that although subsequent in time it was superior to plaintiff's mortgage from J. M. Monsarrat, and sustaining it as to all other matters, in substance the mortgage from M. D. Monsarrat of his undivided one-fifth interest. The ruling of the circuit judge on the evidence taken in connection with the allegations of the cross bill that plaintiff's mortgage from J. M. Monsarrat was superior to appellant's mortgage from the same person was not open to attack in this court because the evidence was not sent up.

That leaves to be considered whether a defendant in a foreclosure suit holding an inferior mortgage of the right, title and interest of plaintiff's mortgagor may by cross bill have a mortgage from some one else of an undivided one-fifth interest in the same land foreclosed first or at least at the same time. The object of a cross bill is to seek some relief in connection with matters in question in the original bill. *Keelikolani v. Lunalilo,* 4 Haw. 628. This proposition was not disputed by the appellant. It is pertinent then to inquire as to what matters in the original bill did the cross bill seek relief. The original bill sought to foreclose all the right, title and interest of J. M. Monsarrat in a certain piece of land and that only. The cross bill brought in a mortgage from M. D. Monsarrat of an undivided one-fifth interest in the same piece of land. It is difficult.

to see that this last mortgage had anything to do with the matters in question in the original bill.   Plaintiff should not be deprived of or delayed in its right to foreclose a mortgage of all the right, title and interest of one person because one defendant properly made a party for another reason had a mortgage from some one else of an undivided one-fifth interest in the same land.   Plaintiff has nothing to do with the one-fifth interest of M. D. Monsarrat and claimed nothing in its bill in regard to that interest.   As that interest was a different one from that which plaintiff was attempting to foreclose, it follows that the demurrer was properly sustained to that part of the cross bill. Other reasons urged by plaintiff why there was no error in sustaining the demurrer need not be discussed in view of the ruling made.

The last contention of appellant was that the decree appealed from was erroneous in several particulars.   This contention was without merit for the reason that the record in this court without the evidence did not show any such errors.   *Polyblank v. Kawananakoa,* 17 Haw. 84.

Decree appealed from affirmed.

*H. E. Cooper* for plaintiff.

*D. L. Withington* (*Castle & Withington* on the brief) for defendant.