## IN THE MATTER OF THE ESTATE OF LEE CHUCK, DECEASED.

### No. 2180.

ARGUED JUNE 7, 1935.                    DECIDED JUNE 17, 1935.

COKE, C. J., BANKS AND PARSONS, JJ.

446

OPINION OF THE COURT BY COKE, C. J.

Lee Chuck, a well-known merchant of Honolulu, died December 29, 1922, leaving an estate consisting of real and personal property. He owned and had conducted for many years a large mercantile business under the name of Ah Chew Brothers, situated in the city of Honolulu. The deceased died intestate and left surviving him his widow, Lee Wong Shee, two minor children named Lee Sau Chung and Lee Sau Hoy and an adult son by a former marriage by the name of Lee Sau Chong. The last-named son and the widow were, upon their petitions, appointed by the probate court at Honolulu respectively the administrator and administratrix of the estate in the month of April, 1923. Within a short time the administrator, Lee Sau Chong, filed a verified inventory of the estate property but failed to include therein any reference to the assets of the business conducted by deceased under the name of Ah Chew Brothers. At that time an application was made for a

·monthly allowance out of the estate for the support of the widow and in that connection Lee Sau Chong made affidavit that the net value of the property of the estate was $12,500. An order granting the widow an allowance of $100 per month was entered of record. A board of appraisers appointed by the court appear to have accepted this inventory as correct and with the exception of two minor increases in valuation adopted the appraisal of the administrator. The usual notice to creditors was duly published at the time. From the month of May, 1923, to the month of August, 1932, the record in this estate is entirely silent; no report or account was filed by the administrator or administratrix, nor were any other proceedings of any kind had in connection with the probate proceedings of the estate of deceased. In August, 1932, Lee Sau Chung and Lee Sau Hoy, children of deceased who at that time had reached their majority, presented a petition to the probate court for an order to require the administrator and administratrix to file final accounts, distribute the assets and close the estate. Responding to this petition the administrator and administratrix filed separate final accounts. The account of the administratrix, Lee Wong Shee, contained items of rent collected by her from property owned by the estate in the total amount of $6,466.80. It also disclosed that this amount was insufficient by several thousand dollars to pay to her the amount due for widow's allowance of $100 per month for the period of nine years following the date of the order of allowance. In the account of Lee Sau Chong, administrator, he charged himself with total receipts for the nine-year period of $20,047.30 and had credited his account with expenditures of $32,173. No objection was made to the account of the administratrix Lee Wong Shee but Lee Sau Chung and Lee Sau Hoy, also the widow Lee Wong Shee, interposed written objections to the account of Lee Sau Chong the admin-

istrator on the ground that the same was grossly incorrect and indicated by averments that Lee Sau Chong had looted the estate to his own benefit to the extent of something over one hundred thousand dollars.

It should be observed that the administratrix took only a minor part in the administration of the affairs of the estate, having confined herself exclusively to the collection from time to time of certain rents due the estate. The other affairs of the estate, including the conduct of the mercantile business of Ah Chew Brothers, were carried on exclusively by the administrator, Lee Sau Chong.

At the time the account of the administrator came before the probate court for hearing upon the objections theretofore interposed the court appointed F. M. Brooks, Esq., master to examine and report on the account, clothing the master with full power to examine the correctness of the account of the administrator and administratrix, with power also to subpoena and swear witnesses, to employ a suitable person to act as reporter and take evidence and transcribe testimony, to examine witnesses and make a thorough investigation and examination of all matters in and concerning the accounts, taking and reporting such testimony, if any, as might be offered by any person interested in the matter. The master was directed to give notice to the parties interested of time and place when and where testimony would be taken and to grant either party the right to introduce evidence, or cross-examine witnesses according to law. The master was directed, upon completion of his duties, to report to the court. The hearings before the master consumed some four months, the record before him being made up of oral and documentary evidence. In May, 1933, the master filed his report accompanied by a transcript of the testimony taken by him and numerous exhibits submitted at the hearings.

At the hearing before the master the appellant Lee

Sau Chong, some ten years after the death of Lee Chuck and for the first time so far as the record before us discloses, asserted that Ah Chew Brothers was a partnership firm and introduced a document dated November 3, 1919, purporting to be a partnership agreement between Lee Chuck, Lee Chung and the appellant, wherein it is made to appear that the latter was the owner of a one-fourth interest in a copartnership firm therein created by the name of Ah Chew Brothers. Appellant also testified that he and Lee Chuck were partners doing business as aforesaid at the date of Lee Chuck's death. Other witnesses were called and testified before the master that the alleged partnership agreement was never intended by the parties to create a partnership nor to convey any interest to appellant in Ah Chew Brothers or in any other property rights whatsoever but was for the sole purpose of giving to appellant the status of a merchant in order that he might visit China and return to the United States enjoying the immunity which the federal immigration laws extended to the Chinese merchant class. The master accepted this latter evidence as true and found as a fact that the appellant owned no interest in Ah Chew Brothers and that the purported copartnership agreement was for the sole purpose of deceiving the federal immigration authorities. The master further found that the appellant, during the time he was administrator, had deposited in local banks an amount in excess of $400,000 and upon a restatement of the account found that he should be charged with net profits derived from the business of Ah Chew Brothers during the nine-year period following his appointment as administrator in the sum of $106,899.97, this amount being the difference between the total receipts of $692,736.97 and the total expenditures of $585,837. The master further recommended that because of the gross mismanagement of the estate by the

appellant he should be allowed no commissions as administrator. The master's report is dated May 15, 1933.

Lee Sau Chong interposed numerous exceptions to the report and hearings were had thereon during the months of September, November and December, 1933. On January 19, 1934, the appellant Lee Sau Chong changed counsel and appeared before the court with what is designated "An Amended Final Account and Petition for Allowance of Same, Determination of Trust and Distribution of Estate." In the amended account the appellant does pretend to set up a profit and loss statement of Ah Chew Brothers for the several years in question indicating a total operating loss and a corresponding indebtedness of the estate to him. Hearings were had before the probate court on the amended account and J. C. Tong was appointed to make up a translated statement of the books of account of Ah Chew Brothers for the year 1925, it having been stipulated between the parties that the showing of that year would be accepted as a fair barometer of the business of that concern for the other years involved and during which the administrator was conducting the business of the firm. The matter again came before the court on the report of Mr. Tong, he having been called as a witness to testify in respect to his report. At the conclusion of the testimony the court approved the master's report and on June 15, 1934, entered a final decree herein. The decree approved the account of Lee Wong Shee and held that there was a balance due and unpaid to her under the order of court of allowance to her for maintenance in the sum of $3,700.04. The decree further fixed the liability of Lee Sau Chong to the estate for profits received from the business of Ah Chew Brothers following the death of Lee Chuck at the sum of $102,506.99 and ordered the payment by Lee Sau Chong of that sum into the registry of the court. The decree recites that the report of the master was, after full

and careful hearing, adopted although the amount of the surcharge recommended by the master was slightly reduced by the court after hearing the evidence. The probate judge in his decree also found the appellant guilty of fraud in connection with the administration of the affairs of the estate and denied him all claims for salary and statutory commissions and charged him with the costs of the proceedings which amounted to $703. From this decree Lee Sau Chong has brought the case to this court on appeal.

From the foregoing recitation of the facts and the record brought here it appears that the decree entered herein was based upon a full hearing and the testimony of numerous witnesses, including the appellant himself, who appeared and gave evidence before the circuit judge on appellant's exceptions to the master's report, and also the evidence presented in court on the report of Mr. Tong. The appellant, either by choice or neglect, has failed to include in the record now before us a transcript of the evidence of the witnesses who testified before the probate court. While we have no doubt that the evidence introduced before the master was entirely sufficient to support his findings it must be borne in mind that it is the decree of the probate court and not the report of the master which is before us for review. The decree is predicated upon the testimony of witnesses who appeared and gave evidence before the probate judge. The absence from the record here of the transcript of that evidence brings the case under the rule that findings of fact of a circuit court or circuit judge are not subject to review by this court in the absence of the evidence upon which such facts were found. "The general assumption obtains in all legal proceedings that judicial tribunals * * * act according to law. On appeal accordingly from the decision of an inferior judicial tribunal an appellate court will presume in review that it

has complied with all the requirements of law and that its determination rested on facts sufficient to sustain them." 2 Ency. Pl. & Pr. 420; *Hobson* v. *Lenox*, 201 S. W. 964; *Allen* v. *Henn*, 64 N. E. 250. See also *Estate of Holt*, 24 Haw. 663; *Kaleialii* v. *Kekuawela*, 7 Haw. 386.

Counsel for appellant presents the novel argument that the mere presentation to the court below of the claim by appellant that he was a partner of deceased at the time of the latter's demise in the business conducted under the name of Ah Chew Brothers and as such was a part owner in certain of the assets purported to belong to the estate *ipso jure* deprived the probate court of jurisdiction to proceed further; that only a court of equity would have jurisdiction to determine the issues thus raised. It is elementary that the death of a partner dissolves the partnership. It is the general rule that under ordinary circumstances equity alone has jurisdiction to compel an accounting between partners. But in the present case the issue before the master which later came before the probate court did not involve a partnership account but was confined solely to the issue of fact raised by appellant, namely, whether he was a copartner of Lee Chuck's at the time of the latter's death in the business conducted under the name of Ah Chew Brothers. This issue the probate judge had authority and jurisdiction to hear and after the hearing decided it adversely to appellant upon evidence presented to him which we must assume in the absence of a transcript of the evidence was sufficient to support his findings. Had the court below held that the appellant was a partner of deceased, the question of its jurisdiction to compel an accounting between him and the estate would have raised an issue of law with which, however, we are not now concerned although it is proper to point out that where the surviving partner is also his deceased partner's administrator it is his duty to promptly conclude the partnership

business and to account to the decedent's estate for its share of the partnership property and assets and there is an abundance of authority supporting the doctrine that, if he fail in this duty, recourse to equity is unnecessary, the probate court having jurisdiction to compel the administrator to account to the estate. A case directly in point is *Leland* v. *Newton*, 102 Mass. 350. Many other authorities to the same effect might be cited.

All other issues presented by this appeal, including the contention that the court erred in making no allowance to appellant as compensation for management of the business owned by deceased, that it erred in basing the decree upon the master's report, etc., that it erred in entering the decree of surcharge against the administrator alone while discharging the coadministratrix from liability, that it erred in finding that appellant had fraudulently attempted to conceal the fact that he carried on the business of Ah Chew Brothers after the death of Lee Chuck and had received the profits of said business, that it erred in surcharging the administrator all commissions, that it erred in allowing and approving the account of Lee Wong Shee, coadministratrix, and that it was error to tax the costs against the administrator personally, may, in the main, be disposed of by again referring to the absence of a transcript of the evidence heard by the probate judge and upon which he based his conclusions. For aught this court knows the fullest and most convincing evidence may have been presented to the court below in support of every conclusion of fact reached by it. Even in the absence of evidence taken by the probate judge the rule in this jurisdiction is that "the master's findings of fact should not be disturbed without clear proof of error or mistake on his part. * * * Especially true is this when, as in the present case, the reference was made by consent of the parties to decide the facts." *Ahana* v. *Wah Yat*, 17 Haw. 326, 329.

The contention that as a matter of law the court was without power to surcharge the administrator alone while discharging his coadministratrix from liability cannot be sustained for as pointed out in 24 C. J. 933, where there are two or more administrators of an estate each has a separate responsibility and is required to account only for the assets which he receives and each may separately account for his part in the administration of the estate. The administratrix, Lee Wong Shee, appears to have collected certain rents which she honestly accounted for and which left the estate indebted to her in a large sum. We know of no rule of law which prevented the court from approving the separate account submitted by her and at the same time disapproving and disallowing the dishonest and fraudulent account filed by her coadministrator. Under the circumstances of this case the disallowance by the probate judge of all salary and commissions to appellant was clearly within the court's power. See *Estate of Akana,* 11 Haw. 420; *Estate of Lalakea,* 26 Haw. 243, 274.

Appellant's complaint of the action of the probate judge in assessing costs incurred in the hearing of his accounts is likewise without merit. These costs were incurred as the result of the dishonesty of the appellant. When required to file an account, after neglecting to do so for many years, he presented one which was found to be glaringly fraudulent. When this became apparent the appellant filed a supplemental or amended account which, while containing many items omitted from the original or first account, was neither a complete nor honest accounting by the administrator. Clearly, therefore, the expenses of the hearings and proceedings conducted to ascertain the true condition of the affairs of the estate were made necessary by reason of the wrongful and dishonest attitude of the appellant and it follows that upon him, not the estate, should fall the burden of these expenses. See *Estate of*

*Alina,* 13 Haw. 388; *Richardson* v. *McCloskey,* 261 S. W.
801; *Marshall* v. *Coleman,* 187 Ill. 556. The probate court
found upon evidence which we must deem to have been
sufficient that the appellant, as administrator, had plun-
dered the estate of his deceased father in an amount ex-
ceeding $100,000, and the court properly held the admin-
istrator liable to the estate for the amount of his defalca-
tions. The court also disallowed the administrator's
claims for commissions and salary. Assuming, as we
must, that these surcharges and penalties were supported
by the evidence presented to the probate judge we decline
to disturb them.

We have carefully examined the entire voluminous rec-
ord in this case and our conclusions are that the appeal
herein is without merit. The decree of the lower court is
affirmed.

*B. S. Ulrich* (also on the briefs) for appellant Lee Sau
Chong.

*A. G. M. Robertson* (*Robertson & Castle* on the brief)
for appellees Lee Sau Hoy and Lee Sau Chung.

*J. G. Tyssowski* filed a brief for appellees Lee Wong
Shee, Lee Sau Hoy and Lee Sau Chung.