GEORGE F. SCHNACK *v.* CITY AND COUNTY OF HONOLULU, BY WILFORD D. GODBOLD, CITY AND COUNTY ATTORNEY; JOHN H. WILSON, JOHN M. ASING, MILTON D. BEAMER, ERNEST N. HEEN, RICHARD M. KAGEYAMA, NOBLE K. KAUHANE, CHUCK MAU, MANUEL C. PACHECO, AND KARL A. SINCLAIR.

NO. 2834.

ARGUED APRIL 18, 1952.                    DECIDED MAY 20, 1952.

LE BARON AND STAINBACK, JJ., AND CIRCUIT JUDGE BROWN IN PLACE OF TOWSE, C. J., DISQUALIFIED.

OPINION OF THE COURT BY STAINBACK, J.

A bill was filed by the petitioner in the circuit court of the first judicial circuit seeking injunction against respondents to enjoin the creation of a proposed "Central Business Area Off-Street Parking Improvement District" as set forth by resolutions of the board of supervisors of the City and County of Honolulu as duly adopted.

The bill alleges that the improvement district is discriminatory and unconstitutional in that it proposes to

assess lands belonging to petitioner but fails to assess other lands receiving equal or more benefit; that it incorporates into the district lands of the petitioner which are not improved and which will obtain no benefit whatever from the proposed improvements; that the boundaries of the district are arbitrarily and unjustifiably discriminating between adjoining parcels of land, including some and excluding others, and that the proposed assessment is without any relation to the benefits on any particular land. It seeks an order requiring the respondents to appear and show cause why an injunction should not issue restraining respondents from proceeding with the development of the improvement district and from assessing petitioner on his lands.

The respondents demurred and also made a return to the order to show cause. In the return the respondents set forth that the City and County of Honolulu had complied with all the statutory requirements (R. L. H. 1945, c. 129) enumerating such procedures in detail; that the number of protests was below the 55% of the owners of the total area; that the majority of the property owners within the district approved the said district and that there was no fraud, illegality or abuses of discretion as alleged.

Hearings were had upon the return to the order to show cause as to whether petitioner was entitled to an injunction, which hearings continued over a period of six days; the court on August 18, 1950, rendered an oral decision denying the prayer of the petition.

The petitioner appealed to this court challenging "the correctness of the ruling and the decree dismissing Petitioner's prayer" and set forth that "The question raised is one of law and is simply whether or not Petitioner has stated a case which, if sustained by the evidence, would entitle him to equitable relief." Further, petitioner stated he relies on two specifications of error: (1) "Irreparable

injury need not be *immediately* impending to grant equitable relief"; (2) "Petitioner has alleged facts showing irreparable injury."

Counsel for appellant has obviously entirely misconstrued the ruling in denying the prayer of the petition. At the time of the hearings on the questions of fact involved in the return, apparently the court had made no ruling upon the question of the demurrer. Counsel for both petitioner and respondent participated in the hearings on the merits with neither raising objections upon the failure of the court to pass upon the demurrer. Such action constituted a waiver and abandonment of the demurrer by the respondent. The petitioner was accorded that which the object of the demurrer was designed to prevent, namely, a hearing on the merits. In fact all three (counsel for petitioner, counsel for respondent and the chancellor) treated the petition as having set forth a good cause of action.

"Generally a party may waive a demurrer * * * to a pleading by conduct inconsistent with an intention to rely thereon, as by failing to secure a ruling, pleading over, or *going to trial on the merits.*" (71 C. J. S. 540 [emphasis added]; *see also* 41 Am. Jur. 440, 31 Cyc. Law & Procedure 749, 3 Am. Jur. 573.) Obviously, petitioner was not prejudiced by the chancellor's ruling, or rather failure to rule, on the demurrer as he had a hearing on the merits.

The hearings and the decision were squarely upon the merits of whether an injunction should issue upon the facts shown and not upon whether a cause of action had been stated. That the court so construed its decision is apparent from the statements and findings made at the close of the hearings. The court said: "It is understood that *everything* now has been submitted to the Court, both on the *facts* and on the law, and the Court is prepared to render a decision covering everything." (Emphasis added.) The court continued that this is an injunction proceeding

brought against the county officials to restrain them from proceeding with the development of the so-called Improvement District Number 80, the Central Business Area For Off-Street Parking. It then stated: "* * * the dominating feature, as I look at it, is the very competent and able method followed by the government in settling this difficult problem of off-street parking. I am extremely impressed with the *thoroughness* and the *fairness* with which the matter has been handled, and I find no merit in the suit levelled against it. * * * Finding, as I do, that the government authorities have worked this out with great care and fairness, the prayer of the petition is denied." (Emphasis added.)

The attorney for the City and County, Mr. Okumura, then propounded the question: "Do I understand that the petition is dismissed?" The court replied: "The prayer of the petition is denied. The *petition* is before me, and the *petition* is for an injunction; that is a prayer, and that is denied. That is so broad in its scope that it covers all the minor matters." (Emphasis added.)

Mr. Okumura then asked: "I presume a written decree is necessary?" The court stated: "Well, if you will draft one, I will sign it."

For some inexplicable reason the attorney for the City and County not only prepared a "Ruling Upon Return To Order To Show Cause And Upon Demurrer" but inserted therein the following language: "Upon consideration of the Demurrer of the respondents, the said Demurrer is hereby sustained for the reason, *inter alia,* that the complaint fails to show any irreparable damage to the petitioner immediately impending." Further, a decree was prepared and filed by the attorney for the City and County stating that "* * * the prayer of the Petitioner above named, for an injunction restraining the Respondents * * * be, and it hereby is, dismissed."

While the language of the written so-called "Ruling Upon Return To Order To Show Cause And Upon Demurrer" and of the decree filed are confusing, the decision of the chancellor and his findings are clear; in the language of the chancellor, his decision covers "everything." The evidence upon which the chancellor based his findings of fact is not before us.

Ruling and decree denying injunction affirmed.

*H. C. Schnack* (*F. Schnack* with him on the briefs) for appellant.

*F. A. McKinley,* Acting City & County Attorney (*S. Okumura,* Deputy City & County Attorney, with him on the brief), for appellees.