PEGGY W. POWELL *v.* JAMES F. POWELL.

NO. 2986.

ARGUED OCTOBER 28, 1954.                    DECIDED DECEMBER 20, 1954.

TOWSE, C. J., STAINBACK, J., AND CIRCUIT JUDGE FELIX
IN PLACE OF LE BARON, J., ABSENT.

OPINION OF THE COURT BY STAINBACK, J.

Appellee on January 29, 1954, filed a petition to the circuit judge at chambers against her husband, appellant, for separate maintenance, and for the support, maintenance and custody of their minor children. The petition alleged that appellee was a resident of the City and County of Honolulu, Territory of Hawaii.

On February 2, 1954, appellant filed a plea in abatement and prayed that the proceedings be abated on the grounds that there was pending in the circuit court of the

first judicial circuit of the Territory of Hawaii special proceedings number 2724, entitled "In the Matter of the Application of James F. Powell for a Writ of Habeas Corpus," for the care, custody and control of the minor children of the parties hereto. The plea further alleged that Peggy W. Powell, petitioner herein, was not a resident of the Territory of Hawaii; that she arrived here on the yacht "Venturer" on the 25th day of January, 1954, from Tahiti en route to California; that she was detained here by virtue of the service of an order to show cause contained in said application for a writ of habeas corpus; that the said James F. Powell did not have custody of the children at that time for the reason that the children were in the temporary custody of the court; that at the time of the arrival of said yacht "Venturer" and the petitioner here with the two children of the parties hereto, there was pending in the Municipal Tribunal of Papeete, Island of Tahiti, a divorce proceeding brought by Peggy W. Powell against James F. Powell; that the French court had, and still has, jurisdiction of the marriage of said parties by virtue of their having resided on the Island of Tahiti for approximately four years prior to the time hereof; that personal service was obtained upon the respondent, and that he voluntarily appeared and defended said action in said court; that by an interlocutory order which was never set aside and which is still in full force and effect, the custody of the minor children of the parties hereto was vested in a Mr. and Mrs. Sorrenson, residents of Tahiti, and directors of the Kanito Mission of the Church of the Latter Day Saints; that said order of said French court is presently in full force and effect and has not been revoked, modified or altered in any manner; that under the full faith and credit clause of the Constitution of the United States the Hawaiian court has no jurisdiction of the children in said divorce, and for the foregoing reasons

the respondent prays the above entitled matter be abated until the primary rights of the parties have been settled in the courts where said litigation is now pending.

In the meantime a number of hearings were had in special proceedings number 2724 hereinbefore referred to and the divorce proceedings instituted by appellee in Tahiti were discontinued.

Prior to the time set for the hearing of these proceedings the respondent-appellant made a special appearance "specially for the purpose of contesting the jurisdiction of this court in the above entitled cause and for no other purpose." When these proceedings came on for hearing on the 23rd day of February respondent appeared specially and refused to take any part in the proceedings on the grounds that the court had no jurisdiction. The court took the evidence of petitioner-appellee and it being stipulated that the court consider the evidence introduced in the special proceedings from the standpoint of the respondent-appellant for the sole purpose of ruling on jurisdiction of respondent, the court made its oral decision overruling the plea of respondent to the jurisdiction of the court finding, among other things, "the fact does appear clearly in the record in the habeas corpus proceeding that the respondent in the equity proceeding has announced a very firm intention of making the Territory of Hawaii his home and rear and educate his children here."

After hearing additional evidence on April 3, 1954, the court entered a decree of separate maintenance awarding the care and custody of the children to the petitioner-appellee, and ordering the payment of fifty dollars per month per child for the support and maintenance of the minor children, costs and attorney's fees.

From this decree respondent-appellant appeals to this court solely upon the question of jurisdiction.

The position of the respondent-appellant is that the

lower court was without jurisdiction to entertain the suit for care, custody and support of the minor children as neither the petitioner nor the respondent was a resident of the Territory of Hawaii and, further, that the court erred in assuming jurisdiction when it was apparent that jurisdiction over the marital *res* and of the parties was in the French courts, and that the court erred in assuming jurisdiction for separate maintenance where respondent was temporarily in the Territory of Hawaii for the sole purpose of seeking by habeas corpus to obtain custody of his children and was thus immune from process while so engaged.

The finding of the chancellor that the respondent-appellant was domiciled in Hawaii was based on the evidence given in the special proceeding number 2724. Inasmuch as the transcript of the testimony given in the special proceeding was not made a part of the record in this court, it is difficult to see how this court, in view of its many prior rulings, can consider the finding of the chancellor on the question of domicile. (*Nawahi* v.*Kekaula*, 9 Haw. 43; *Estate of Holt*, 24 Haw. 663; *Hackfeld* v. *Monsarrat*, 18 Haw. 332; *Estate of Lee Chuck*, 33 Haw. 445.)

In the *Estate of Lee Chuck, supra,* this court said: "The absence from the record here of the transcript of that evidence brings the case under the rule that findings of fact of a circuit court or circuit judge are not subject to review by this court in the absence of the evidence upon which such facts were found." (*Estate of Lee Chuck*, 33 Haw. 445, 451.)

See also *Schnack* v. *City & County, et als.*, 39 Haw. 427, in which the court stated: "The findings of a trial judge * * * will not be disturbed on appeal when the evidence upon which the court based its findings is not before this court."

As pointed out, the chancellor on February 23, 1954,

in overruling appellant's plea found that appellant and appellee were both residents of the Territory of Hawaii. This appears in the statement of the chancellor as follows: "For the limited purpose of ruling on the plea to the jurisdiction, all of the testimony and other evidence adduced in Special Proceedings 2724. And on that basis, the plea to the jurisdiction will be overruled.

"As counsel for the petitioner here has pointed out, the law does not require any particular length of residence as a basis for the filing of a bill in equity for separate maintenance. And in addition to that *the fact does appear clearly in the record in the habeas corpus proceeding that the respondent in the equity proceeding has announced a very firm intention of making the Territory of Hawaii his home and rear and educate his children here.*" (Emphasis added.)

Without reviewing the evidence given in the equity case, it appears by appellant's testimony that he was a resident of the Territory of Hawaii, living at Ala Wai basin, that he was employed at Kalihi tunnel by contractor E. E. Black as an operating engineer, had money in a local bank, and was liquidating his holdings in Tahiti. It further appeared appellee had obtained a position and was working in Honolulu, all of which is consistent with the chancellor's finding that appellant and appellee were both domiciled in the Territory. In view of this finding, it is unnecessary to pass on to what extent courts in the Territory should act in providing for children found within its jurisdiction, even though one or both parents were domiciled elsewhere, or to what extent this court should take jurisdiction where there is a pending divorce case in another jurisdiction which has made temporary orders regarding the custody of the minor children.

In order to acquire new domicile there must be residence or bodily presence in the new location and an inten-

tion to remain; act and intent must concur; in addition there must be an intention to abandon the old domicile. As expressed by some, there must be an *animus non revertendi* and an *animus manendi.*

Length of residence is not a factor where the act and intention to acquire a domicile concur, as obviously such did concur in the case of the respondent-appellant. No definite period of time is necessary to create a domicile and one day is sufficient provided the *animus manendi* exists. (*Winans* v. *Winans,* 205 Mass. 388; 17 Am. Jur., Domicile, § 20, pp. 603, 604.)

That separate maintenance suits may be maintained in equity where there is not the necessary residence requirement to go into divorce has been the settled law of this Territory for more than fifty years. (*Dole* v. *Gear,* 14 Haw. 554.)

Decree of chancellor sustained.

*R. D. Welsh* (*B. Kanbara* with him on the briefs) for respondent-appellant.

*R. B. Jamieson* (*Hogan, Jamieson, Dyer & Rothwell* with him on the brief) for petitioner-appellee.